IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TRACIE L. WASHINGTON, | § | |
| | § | CIVIL ACTION NO. 19-CA-9719 |
| Plaintiff, | § | |
| | § | District Judge: Wendy B. Vitter |
| v. | § | |
| | § | Magistrate Judge: Joseph C. Wilkinson |
| SHERIFF MARLIN N. GUSMAN | § | |
| | § | |
| Defendant. | § | |

### SHERIFF GUSMAN'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6)

**COMES NOW** Defendant, Sheriff Marlin N. Gusman ("Sheriff Gusman"), and submits this Memorandum in Support of his Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Plaintiff Tracie L. Washington ("Plaintiff") has failed to state a claim upon which relief may be granted under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*. As such, her Complaint should be dismissed in its entirety.

### INTRODUCTION

On April 24, 2019, Plaintiff filed a Complaint against Sheriff Gusman in his official capacity, seeking compensatory damages and declaratory relief for failure to be restored to her same or equivalent position after taking a leave of absence under the FMLA. (Doc. 1.) In support of her claims, Plaintiff alleges that she took a medical leave of absence for approximately seven weeks, which was approved by OPSO as FMLA leave. (*Id.*, ¶22, 24, 28.) She further alleges that three days after she returned from leave, her employment was terminated.

1

(*Id.*, ¶24, 33.)  According to Plaintiff, she was working as the Chief Legal Officer for OPSO at the time of her termination.  (*Id.*, ¶14.)

However, as illustrated *infra*, Plaintiff fails to state a claim upon which relief can be granted against Sheriff Gusman because her position was never properly authorized pursuant to a Stipulated Order entered into by Sheriff Gusman and various parties and adopted by Judge Africk on June 21, 2016 (the "Order," attached hereto as Exhibit A).[1]  The Order, which Plaintiff cites in her Complaint (Doc. 1, ¶11), grants the Court-appointed Compliance Director (not Sheriff Gusman) "final authority" over all personnel decisions, including the ability to hire and fire employees and to abolish positions.  (*See* Ex. A at p. 12.)  Furthermore, as Plaintiff herself notes, Darnley Hodge, the current Compliance Director (not Sheriff Gusman), eliminated Plaintiff's position pursuant to his authority under the Order, because her position was never authorized.  (Doc. 1, ¶ 33.)[2]

In short, Plaintiff is attempting to use the FMLA to circumvent Compliance Director Hodge's indisputable, Court-ordered authority over all personnel decisions relating to OPSO.  However, an employee's right to reinstatement under the FMLA has nothing to do with, and did not prevent Compliance Director Hodge from, exercising his authority under the Order.  Sheriff Gusman has no authority under the law to interfere with or impair Compliance Director Hodge's final authority over personnel decisions at OPSO.  Moreover, it is indisputable that an employee does not have a right to reinstatement under the FMLA if the employee's position has been

---

[1] Sheriff Gusman requests that the Court take notice of the Order, which is a matter of public record and is relied upon by Plaintiff throughout her Complaint.  *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

[2] A copy of the termination letter excerpted by Plaintiff in her Complaint is attached hereto as Exhibit B. Plaintiff quoted this letter in her Complaint, and Plaintiff's termination is clearly central to her claims. Thus, the Court can consider the termination letter when ruling on the present motion.  *See Gulf Offshore Logistics, L.L.C. v. Seiran Expl. & Prod. Co.*, No. CIV.A. 11-1788, 2015 WL 1125140, at *3 (E.D. La. Mar. 12, 2015) (noting that "a district court may consider documents attached to the motion to dismiss if they are referred to in the complaint and are central to the claim").

2

properly eliminated. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted against Sheriff Gusman, and her Complaint should be dismissed.

## STANDARD OF REVIEW

To survive a motion to dismiss, a complaint need not contain detailed factual allegations, but it must contain sufficient factual allegations to state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Harris v. Merck & Co.*, No. CIV.A. 12-1446, 2012 WL 5384720, at *1 (W.D. La. Nov. 1, 2012). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will mere labels and legal conclusions withstand a Rule 12(b)(6) motion to dismiss. *Id.* Rather, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, Plaintiff must provide more than a recitation of labels of causes of action or the bare elements of her claims in order to avoid their dismissal.

## LAW AND ARGUMENT

Plaintiff's lawsuit against Sheriff Gusman rests upon her erroneous assertion that he is the "official 'policymaker'" for OPSO. (Doc. 1, ¶14.) This assertion is simply incorrect. In 2016, the Sheriff, the United States of America, and the Class Plaintiffs in *Jones, et al. v. Gusman, et al.*, E.D. La. No. 12-00859, entered a Stipulated Order for Appointment of Independent Jail Compliance Director (the "Order"), which was adopted by Judge Africk on June 21, 2016. (*See* Ex. A.) Under the terms of the Order, Judge Africk appointed a Compliance Director with the "final authority to create, modify, abolish or transfer employee and contractor positions [and] to recruit, hire, discipline, terminate, promote, demote, transfer, and evaluate employees." (Ex. A, p. 12.) Additionally, the Order explicitly grants the Compliance Director

3

the authority to terminate employees for reasons related to "financial prudence" and "operational efficiency." (*Id.*) The Compliance Director is "answerable only to the Court," and "is a representative of the Court [rather than] an employee of OPSO." (*Id.*, pp. 3, 11.)

Here, Plaintiff acknowledges that she was granted FMLA leave (Doc. 1, ¶42), but claims that she was denied restoration to her previous position or an equivalent thereto. (*Id.*, ¶43.) Specifically, Plaintiff alleges that ***Compliance Director Hodge*** gave her a letter terminating her employment, which stated:

> It has recently come to my attention that on November 18, 2016, Sheriff Marlin Gusman sent you an email designating you as the "Chief Legal Officer," and assigning you certain duties, i.e., to: "supervise and coordinate all inmate legal requests, be an instructor for the Training Academy in Sexual Harassment and Ethics, the designated responder to any Public Records Requests, the designated Ethics Officer, and the reviewer of legal billings."
>
> At the time of this email, however, the Stipulated Order was in place, and Director Maynard was serving in the role of Compliance Director. *Jones*, Doc. No. 1097 at 1 (noting that Director Maynard would begin full-time employment on October 1, 2016). Accordingly, Sheriff Gusman had no authority to give you a title or employment duties. I am eliminating this unauthorized position, and, in my capacity as Compliance Director, terminating your employment, effective immediately.

(Ex. B.) She further asserts that "***Compliance Director Hodge*** used the excuse of eliminating the Chief Legal Officer position as subterfuge for the unlawful termination." (Doc. 1, ¶34) (emphasis added).

Notably, Plaintiff's Complaint does not contain a single allegation that Sheriff Gusman was involved in her termination—the only basis for her lawsuit. The absence of such an allegation is for good reason, as it is indisputable that all of the events about which Plaintiff complains occurred during the tenure of the Court-appointed Compliance Director. It is equally clear that on the date of Plaintiff's termination (April 26, 2018), Compliance Director Darnley Hodge was the final policymaker for OPSO per the Stipulated Order, ***not*** Sheriff Gusman, as

Plaintiff alleges in her Complaint. In fact, under the Stipulated Order, Sheriff Gusman is ***not permitted*** to "interfere with or impair" the Compliance Director's final authority over personnel decisions. (*Id.*, p. 14.) Thus, as a matter of law, Sheriff Gusman had no authority whatsoever regarding the decision to terminate Plaintiff. Plaintiff's attempt to use the FMLA to circumvent the Order is unavailing.

Furthermore, it is well-established in the Fifth Circuit that "[a]n employee has no right to reinstatement if the employee's prior position has been eliminated." Forbes v. Unit Texas Drilling, L.L.C., 526 F. App'x 376, 380 (5th Cir. 2013) (citing 29 C.F.R. § 825.216(a)(2) ("An employee has no greater right to reinstatement or to other benefits and conditions of employment than if the employee had been continuously employed during the FMLA leave period.")). *See also* Shirley v. Precision Castparts Corp., 726 F.3d 675, 681–82 (5th Cir. 2013) ("That an employee is not guaranteed an absolute right to reinstatement following a qualified absence is not only 'a matter of common sense,' but also a principle reflected in this circuit's pattern jury instructions and in the opinions of a significant majority of other circuit courts.") (internal citations omitted); Adams v. Mem'l Hermann, No. 4:15-CV-01270, 2018 WL 5886800, at *17 (S.D. Tex. Nov. 9, 2018); Bennett v. Trinity Marine Prod., Inc., 54 F. Supp. 3d 591, 599 (E.D. La. 2014); Kellam v. Servs., No. 3:12-CV-352-P, 2013 WL 12093753, at *3–4 (N.D. Tex. May 31, 2013), *aff'd sub nom.* Kellam v. Metrocare Servs., 560 F. App'x 360 (5th Cir. 2014). In her Complaint, Plaintiff admits that her position was eliminated. As such, she has failed to state a claim under the FMLA.

Lastly, in order to prevail on her FMLA claim, Plaintiff would have to prove that she was terminated "***while*** availing [herself] of the FMLA rights to which [she] was entitled." Spears v. Louisiana Dep't of Pub. Safety & Corr., 2 F. Supp. 3d 873, 878 (M.D. La. 2014) (emphasis

5

added). In her Complaint, Plaintiff admits that she was allowed to take FMLA leave, and she was not terminated until *after* she had returned from such leave. Thus, Plaintiff cannot state a cognizable claim under the FMLA. For these reasons, Plaintiff's Complaint against Sheriff Gusman should be dismissed with prejudice.

## CONCLUSION

In sum, even accepting the factual allegations in Plaintiff's Complaint as true, Plaintiff has failed to state a claim upon which relief can be granted against Sheriff Gusman. Accordingly, the Court should dismiss Plaintiff's claims against Sheriff Gusman with prejudice pursuant to Rule 12(b)(6). Plaintiff should not be provided an opportunity to amend her Complaint, as any additional attempts to state a claim against Sheriff Gusman based on the facts alleged would be futile in light of the Order.

Respectfully submitted,

*/s/ Allison A. Fish*
S. MARK KLYZA (#02028)
ALLISON A. FISH (#36456)
The Kullman Firm
A Professional Law Corporation
1100 Poydras Street, Suite 1600
New Orleans, LA 70163
Telephone (504) 524-4162
Facsimile: (504) 596-4114
smk@kullmanlaw.com
aaf@kullmanlaw.com

**COUNSEL FOR DEFENDANT
SHERIFF MARLIN N. GUSMAN**

## **CERTIFICATE OF SERVICE**

I certify that on July 23, 2019, I filed the foregoing using the electronic CM/ECF system, which will send notice to the following:

>Donald Lucas Hyatt, II
>Donald L. Hyatt, II, APLC
>633 Village Lane North, Suite 105
>Mandeville, LA 70471
>504-813-6727
>Fax: 866-377-8671
>Email: hyattlaw@aol.com

>*/s/ Allison A. Fish*