UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| TRACIE L. WASHINGTON | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO. 19-9719 |
| SHERIFF MARLIN N. GUSMAN | * | SECTION D (2) |

**ORDER AND REASONS**

Before me is a Motion for Sanctions filed by Defendant Sheriff Marlin N. Gusman against Plaintiff Tracie L. Washington pursuant to Rule 37. R. Doc. 41. Plaintiff did not timely file an Opposition to this Motion, as required by Local Rule 7.5 (requiring Opposition Memorandum be filed eight (8) days before the submission date). Instead, the day before submission, Plaintiff filed a Motion for Leave to File Late Opposition Memorandum. R. Doc. 42. This Court granted leave to file the late Opposition Memorandum. R. Doc. 43.

Having considered the record, the arguments set forth in Defendant's Memorandum and Plaintiff's late-filed Opposition Memorandum, and the applicable law, IT IS ORDERED that Defendant's Motion is GRANTED as follows.

**I.    BACKGROUND**

Plaintiff Tracie L. Washington is an attorney who was hired as the full-time Compliance Coordinator for the Orleans Parish Sheriff's Office, in accordance with a Consent Judgment entered by the Honorable Lance M. Africk. R. Doc. 1, ¶¶ 6–7. Plaintiff contends that her title changed to Chief Compliance Officer and later to Chief Legal Officer with no change in duties, salary or benefits, though Defendant denies such changes as well as the existence of a "Chief Legal Officer" position. *Id.* ¶¶ 9–10, 14, 26.

1

Plaintiff took sick leave from March 1–April 23, 2018. When she returned on April 23, 2018, she submitted a request for FMLA leave status for that absence. *Id*. ¶¶ 22, 24. Plaintiff contends that FMLA leave was granted on April 24, 2018, but then on April 26, 2018, her employment was terminated. *Id*. ¶¶ 28, 33. Plaintiff filed suit under the FMLA seeking damages and declaratory relief, alleging Defendant failed to restore her to the same or equivalent position (Chief Legal Officer or Compliance Coordinator) upon return from her FMLA leave. *Id*. ¶ 35.[1]

After Plaintiff failed to respond to Defendant's Interrogatories and Requests for Production of Documents, Defendant filed a Motion to Compel, which Plaintiff opposed. *See* R. Docs. 26, 28, 33. Magistrate Judge Wilkinson granted Defendant's Motion to Compel, stating:

> While the circumstances concerning plaintiff's health constitute good cause for her failure to date to provide responses to the subject interrogatories and requests for production served more than four months ago, it appears from the opposition and reply memoranda that she has recovered sufficiently to commence providing information to her counsel necessary to produce the responses. Accordingly, the motion is granted in that plaintiff must provide her written responses to defendant's subject interrogatories and requests for production, together with actual production of responsive materials, no later than May 8, 2020.

R. Doc. 34. Judge Wilkinson also extended the discovery deadline from May 1, 2020 until June 12, 2020. *Id.*

In this Motion for Sanctions, Defendant contends that, although Plaintiff provided discovery responses on May 8, 2020, the responses were deficient because they omitted requested information and failed to include the responsive documents. R. Doc. 41-1, at 3-7 (outlining deficiencies regarding efforts to obtain new employment, failure to produce her resume, and failure to provide documentation of income since termination including income from her current employer). Defendant notified Plaintiff of the deficiencies in a letter dated May 27, 2020 (R. Doc.

---

[1] Defendant filed a Rule 12(b)(6) Motion to Dismiss (R. Doc. 13), which is currently pending. The court entered a Scheduling Order on August 27, 2019 (R. Doc. 21), setting a May 1, 2020 discovery deadline. *Id.* at 3.

42-2, 66-68), and on June 5, 2020, Plaintiff supplemented the discovery responses. R. Doc. 42-2, 69-97. Defendant contends the responses, as supplemented, are still deficient. Based on Plaintiff's "repeated[ ] refus[al] to meaningfully and fully engage in discovery," Defendants seek sanctions against Plaintiff and/or her counsel, including production of the missing discovery, an award of expenses and attorneys' fees associated with the prior Motion to Compel and this Motion for Sanctions, and/or dismissal of her claims with prejudice. R. Doc. 41-1, at 3–4, 7.

In her late-filed Opposition, Plaintiff contends that "she did not keep the best records of her job search" and that she has produced what she retained. R. Doc. 44, at 1. With regard to her resume, Plaintiff argues that she "does not possess a version any different [from] that which is already in the possession of OPSO as provided by her when she was hired" seven years ago. *Id.* at 1-2; R. Doc. 1, ¶6. Plaintiff asserts that she "has produced the documents and information she was able to locate and it more than sufficiently allows the defense to question her concerning her efforts to find mitigating employment." R. Doc. 44, at 2-3.

## II.   APPLICABLE LAW

Rule 37 of the Federal Rules of Civil Procedure authorizes courts to sanction parties that fail to comply with a court order or otherwise adequately participate in the discovery process. Fed. R. Civ. P. 37. It also authorizes courts to appropriately respond to and deal with parties who have disobeyed discovery orders.[2] A "court's discretion in fashioning appropriate sanctions for parties who disobey their orders is quite broad, though not unlimited."[3] Courts must consider whether the sanction furthers Rule 37's important goal of punishing misbehaving parties and deterring similar conduct in the future.[4]

---

[2] *Chilcutt v. United States*, 4 F.3d 1313, 1319–20 (5th Cir. 1993).
[3] *Id.*
[4] *Id.* at 1321.

Rule 37(b)(2) provides that if a party fails to obey an order to provide discovery, the court may issue any just order including, among other things, (1) directing that facts be established as the prevailing party claims; (2) prohibiting the disobedient party from introducing information into evidence or supporting or opposing claims or defenses; (3) striking the pleadings; or (4) dismissing the action in whole or in part.[5] Rule 37 also requires the court to order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.[6]

Dismissal as a discovery sanction is reserved for "extreme circumstances."[7] As an extreme sanction, the Fifth Circuit has cautioned that a dismissal with prejudice "is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists, and a lesser sanction would not better serve the interests of justice."[8] It is "only to be applied in extreme circumstances,"[9] such as where the record clearly reflects delay or contumacious conduct resulting from willfulness or bad faith, but not when the neglect is attributable to the attorney, rather than the plaintiff himself, or when a less dramatic sanction would produce the desired deterrent effect.[10]

For a court to justify dismissal as a sanction for violating a discovery order, each of the following factors must be clearly present in the record: "(1) the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; (2) the violation must be attributable to the client instead of the attorney; (3) the violating party's

---

[5] FED. R. CIV. P. 37(b)(2)(A); *see also id.* 41(b) (permitting court, upon defendant's motion, to dismiss an action or claim "[i]f the plaintiff fails to prosecute or comply with these rules or a court order").
[6] *Id*. 37(b)(2)(C).
[7] *Cruz v. Maverick Cty*., 957 F.3d 563, 570 (5th Cir. 2020).
[8] *Gonzalez v. Firestone Tire & Rubber Co*., 610 F.2d 241, 247 (5th Cir. 1980) (citations omitted); *see also Nat'l Hockey League v. Metro. Hockey Club, Inc*., 427 U.S. 639, 643 (1976).
[9] *Batson v. Neal Spelce Assocs., Inc*., 765 F.2d 511, 515 (5th Cir. 1985).
[10] *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003).

misconduct must substantially prejudice the opposing party's preparation for trial; and (4) a less drastic sanction would [not] substantially achieve the desired deterrent effect."[11] The court also requires that some lesser, preliminary sanction be proven futile before resorting to dismissal.[12]

### III. ANALYSIS

Although Defendant cites only Interrogatory No. 7, the relevant Interrogatories appear to include Nos. 5 and 8 as well. These interrogatories and responses, as supplemented, state:

> 5. Please identify any and all income that you have received (including social security disability benefits, unemployment benefits, food stamps, etc.) since you last worked for Defendant, and for any and all such income please identify the following:
>     a. The amount of the income;
>     b. The source of the income;
>     c. The reason for the income;
>     d. The date the income was received; and
>     e. Whether state, federal, and/or other payroll taxes and withholdings were withheld from the income.
>
> ANSWER TO INTERROGATORY NO. 5:
> Plaintiff responds that she has received approximately $2900.00 in UC payments from the State of Louisiana. Plaintiff further responds that she has received $44,918 from April of 2018 to present in income through the operation of a short-term rental property, but that since the beginning of the COVID 19 crisis plaintiff has received no such income and does not anticipate receiving any Air BNB income in the foreseeable future.
>
> 7. Identify all prospective employers with whom Plaintiff has sought employment since the termination of her employment with Defendant, state the date of the application and/or submission of her resume, identify the person with whom she interviewed, and provide the status of any such application.
>
> ANSWER TO INTERROGATORY NO. 7:
> Plaintiff applied to a number of employers listed in the attached printout obtained from the Louisiana Workforce Commission website. This data was recorded by plaintiff and turned in to that agency as she received Unemployment Compensation. Plaintiff is still searching for further detailed information concerning her efforts to seek employment.

---

[11] *Cruz*, 957 F.3d at 569 (citing *Oprex Surgery (Baytown), L.P. v. Sonic Automotive Employee Welfare Benefit Plan*, 704 F. App'x 376, 378 (5th Cir. 2017) (citing *FDIC v. Conner*, 20 F.3d 1376, 1380–81 (5th Cir. 1994))); *see also Johnson v. Jones*, 794 F. App'x 400 (2019).
[12] *Cruz*, 957 F.3d at 569 (citations omitted).

> SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 7:
> Defendant is referred to the supplemental documents produced bearing bates numbers 507-542, which contain information concerning applications for employment by the plaintiff. None of these applications resulted in an accepted position until plaintiff accepted the position described below in Answer to Interrogatory No. 8.
>
> 8. If Plaintiff has obtained employment since the termination of her employment with Defendant, state the start date of each position she has been hired into, the employer, the position she held, the duration of her employment in that position, and the rate of pay with which she was compensated, and reason for separation if applicable.
>
> ANSWER TO INTERROGATORY NO. 8:
> Plaintiff has obtained temporary employment as a research attorney for Louisiana Supreme Court Chief Justice Bernette Johnson for the period 5/1/2020 through 12/31/2020. The annual rate of pay for this position is $115,000.00. The position will terminate on 12/31/2020 because Chief Justice Johnson will be retiring as statutorily mandated due to age. Plaintiff will then have to seek new employment.

R. Doc. 41-2, at 11–12; 43–45; 77. The relevant Requests for Production (Nos. 9 and 10) with responses, as supplemented, state:

> 9. Please produce all documents relating to your efforts to seek employment from your termination with Defendant to the present, including but not limited to resumes, applications for employment, cover letters, reference letters, job inquiries, offers of employment, employment agreements or contracts, job advertisements or postings, termination notices, resignation notices, rejection letters, and any other communication with any employer or potential employer.
>
> RESPONSE TO REQUEST FOR PRODUCTION NO. 9:
> Plaintiff responds by producing the attached printout from the website of the Louisiana Workforce Commission which lists her attempts to find employment.
>
> SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:
> Plaintiff supplements her response by referring defendant to documents produced originally and/or with this response bearing the following bates numbers: 474-478, 507-539.
>
> 10. Please produce all documents relating to any income or other compensation received by you, including but not limited to any offer letters, employment agreements or contracts, independent contractor arrangements, consulting agreements, paychecks, paystubs, invoices, settlement payments, statements of work, W-2s, Form 1099s, social security benefits, social security disability benefits,

> workers' compensation benefits, and long-term or short-term disability benefits from your termination with Defendant to the present.
>
> RESPONSE TO REQUEST FOR PRODUCTION NO. 10:
> Plaintiff does not have documentation in her possession at this time concerning the income, but will seek same and produce it when located.
>
> SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:
> Plaintiff supplements her response to Request for Production No. 10 by producing the spreadsheet of her income from short term rental property produced as bates numbers 540-542.

*Id.* at 16; 55; 90–91.

Plaintiff's initial discovery responses were no doubt very late. They were, however, delivered on Judge Wilkinson's May 8, 2020 deadline. Further, Judge Wilkinson found that plaintiff's medical issues established good cause for the prior delay, so the court will not re-visit that issue. But while Plaintiff did provide her responses by the deadline and later supplemented those responses, the responses, even as supplemented, are deficient. Specifically, Plaintiff has not provided a copy of her resume, as requested in Request for Production No. 9. Likewise, Plaintiff has not provided copies of any communications that she had with the list of employers on the Louisiana Workforce Commission spreadsheet, which would fall within Request for Production No. 9. In addition, Plaintiff has not provided documentation regarding income received since termination, as sought in Request for Production No. 10.

In her late-filed Opposition, Plaintiff attempts to excuse her failure to produce her own resume by asserting that her resume has not changed in 7 years. Notably, Plaintiff did not raise any objection to the request for her resume, either in her initial Responses or in her Supplemental Responses. Further, Plaintiff does not deny that she has a resume. Having failed to produce a copy of her resume, there is no basis to determine whether that resume is in fact is identical to the one she provided to Defendant seven years ago or whether she was in fact sending potential

7

employers an updated version of that resume that included her work history for the last seven years. Likewise, Plaintiff does not suggest that there is no documentation supporting her damages spreadsheet, and she does not suggest that this information is no longer available to her. Nor does Plaintiff suggest that she lacks documentation of her earned income since termination. That responsive information must be produced.

Plaintiff has failed to comply with Judge Wilkinson's April 8, 2020 Order by failing to provide full and complete responses, together with actual production of responsive materials, as ordered. R. Doc. 34; *see also* FED. R. CIV. P. 33(b)(3); 34 (b)(2)(B); 37(a)(4). Defendant is entitled to production of Plaintiff's resume including any variations sent to potential employers, if available. Likewise, Defendant is entitled to documentation regarding income earned since termination (such as the documentation underlying Plaintiff's spreadsheet of Airbnb income, bank records, tax returns, or pay stubs). Further, Defendant is entitled to documentation reflecting communications with any potential employer listed on the Louisiana Workforce Commission printout. Accordingly, Plaintiff is ordered to provide full and complete discovery responses to Interrogatories Nos. 5, 7 and 8 and Requests for Production Nos. 9 and 10, without objection, within seven (7) days of this Order.

Although Plaintiff's discovery responses, as supplemented, are deficient, Defendant has not established that dismissal, rather than some lesser sanction, is proper. Plaintiff is being ordered to respond fully and completely to the specified discovery, including production of the identified materials, within seven days. In addition, Defendant may seek to recover reasonable expenses, including attorneys' fees, in connection with this Motion for Sanctions upon the filing of an appropriate motion under Fed. R. Civ. P. 26(b)(2)(C), with supporting documentation. Defendant is not, however, entitled to recover any fees and costs incurred in connection with the earlier

Motion to Compel as Plaintiff established good cause, making an award of expenses related to that motion unjust.

## IV.     CONCLUSION

For the foregoing reasons, considering the record, the arguments set forth in Defendant's memorandum and Plaintiff's late-filed opposition memorandum, and the applicable law, Defendant's Motion for Sanctions (R. Doc. 41) is GRANTED.  Within seven (7) days of this Order, no later than July 8, 2020, Plaintiff is ordered to provide full and complete discovery responses to Interrogatories Nos. 5, 7 and 8 and Requests for Production Nos. 9 and 10, without objection, including the production of her resume with any variations sent to potential employers, documentation reflecting communications with any potential employer listed on the Louisiana Workforce Commission printout, and documents reflecting income earned since termination including Airbnb income, such as bank records, tax returns, or pay stubs.  Plaintiff is specifically cautioned that further discovery failures may result in the imposition of increasingly severe sanctions, including but not limited to the issuance of a Report and Recommendation recommending that her lawsuit be dismissed for failure to prosecute.  *See* FED. R. CIV. P. 37(c)(1). This Order reserves the right to Defendant to file an appropriate motion, with supporting documentation, to recover reasonable expenses incurred in the filing of *this* motion.

New Orleans, Louisiana, this 1st day of July, 2020.

_____
Donna Phillips Currault
United States Magistrate Judge